**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DARYL WOODS,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:15-CV-2930-M (BF)** |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of the** | § | |
| **Social Security Administration,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. On September 22, 2015, the undersigned denied without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [D.E. 5] ("IFP Application"), because the vast majority of the information in the application was not filled out. *See* Order [D.E. 9 at 1]. Plaintiff was informed in the September 22, 2015 Order that his IFP Application was being denied without prejudice to re-filing one that is filled out in entirety. *See id.* [D.E. 9 at 1]. On October 20, 2015, the Court ordered Plaintiff to file a completed IFP Application by October 30, 2015. *See* Order [D.E.12 at 1]. In the October 20, 2015 Order, Plaintiff was notified that a recommendation will be made to the District Court to dismiss this case for failure to prosecute should Plaintiff fail to comply with the Court's Order directing him to file his completed IFP Application by October 30, 2015. *See id.* [D.E. 12 at 1].

As of the date of this recommendation, Plaintiff still has not complied with the Court's October 20, 2015 Order. Therefore, this case should be dismissed without prejudice for Plaintiff's failure to prosecute. *See Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute. Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss

an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'"

(quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962))); *Link*, 370 U.S. at 630-31 ("The

authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an

'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

### RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court

DISMISS this action without prejudice.

**SO RECOMMENDED**, this 4th day of November, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).